```
            IN THE DISTRICT OF THE UNITED STATES OF AMERICA
                  FOR THE SOUTHERN DISTRICT OF ILLINOIS
   _____
                                         )
   UNITED STATES OF AMERICA,             )
                                         )
                    Plaintiff(s),        )
                                         )
        vs.                              )   Case No. 08-30139-02
                                         )
   MARGARET DIEKEMPER,                   )
                                         )
                    Defendant(s).        )
   _____)
```

## SENTENCING

BE IT REMEMBERED AND CERTIFIED that heretofore on **3/9/2009**, the same being one of the regular judicial days in and for the United States District Court for the Southern District of Illinois, Honorable G. Patrick Murphy, United States District Judge, presiding, the following proceedings were recorded by mechanical stenography; transcript produced by computer.

**APPEARANCES:**

*FOR PLAINTIFF:* **Jennifer D.L. Hudson**, Assistant U.S. Attorney - Fairview Heights, 9 Executive Drive, Suite 300, Fairview Heights, IL 62208

*FOR DEFENDANT*: **Christopher P. Threlkeld** of Lucco, Brown, Threlkeld & Dawson LLP, 224 St. Louis Street, P.O. Box 539, Edwardsville, IL 62025

*REPORTED BY*: **Molly N. Clayton, RPR**, Official Reporter for United States District Court, SDIL, 750 Missouri Ave., East St. Louis, Illinois 62201, (618)482-9226,
*molly_clayton@ilsd.uscourts.gov*

```
 1                  INDEX OF WITNESS EXAMINATION
 2                              DX        CX       R-DX      R-CX
 3   No witness testimony.
 4
 5                      INDEX OF EXHIBITS
 6   EXHIBIT             DESCRIPTION          Id'D       Rcv'd
 7   No exhibits identified or received.
 8
 9                      MISCELLANEOUS INDEX
10                                            PAGE
11   No miscellaneous index entries.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1         *COURTROOM DEPUTY:*  The United States of America versus
2    *Margaret Diekemper*, Case No. 08-30139-02, is called for
3    sentencing.
4         Will the parties identify themselves for the record?
5         *MS. HUDSON:*  Jennifer Hudson appearing for the United
6    States.
7         *MR. THRELKELD:*  Christopher Threlkeld appearing for
8    the defendant.
9         *THE COURT:*  This matter before the Court this morning
10   is for the sentencing of Margaret Diekemper.
11        I do note that she earlier did enter a plea of guilty
12   to the charges.  I did acknowledge -- I will accept that plea
13   on the report and recommendation of the magistrate judge and
14   accordingly find her guilty.
15        I do believe the government is to come through and
16   dismiss certain counts in this case; is that correct?
17        *MS. HUDSON:*  Yes, your Honor.
18        *THE COURT:* All right.  If you would move for that, I
19   will take care of that now.
20        *MS. HUDSON:*  We move to dismiss the remaining charges,
21   your Honor.
22        *THE COURT:*  All right.  That will be done.
23        She has pled guilty to Count 1, conspiracy to commit
24   bank fraud, and Counts 2 through 23 are dismissed on motion of
25   the government.

1            And in addition to the plea of guilty, there is also a
2    written plea agreement, and I, too, will accept that now.
3            In the ordinary course of business, the probation
4    department prepared the usual detailed, written presentence
5    investigation report.  There were some -- there were some
6    objections to that report.  If I am correct, though, the only
7    objection that would affect the sentencing guidelines was the
8    objection that went to the defendant's role in the offense,
9    whether it would be minimal, minor, or no other adjustment.
10           Is that correct, Mr. Threlkeld.
11           *MR. THRELKELD:*  Yes, your Honor.
12           *THE COURT:*  All right.  I looked at that and I should
13   preface my remarks with the jurisprudence on the sentencing
14   being where it is.  One sometimes wonders why we go to such
15   extremes to get every small point correct but we do.
16           I think that she is entitled to a reduction, so your
17   objection will be sustained, in part.  I think she would get
18   the three-point reduction, not the larger reduction.  My idea
19   is, look, having reviewed this thing carefully, there's no
20   question, one, that she committed perjury in the bankruptcy,
21   but it was at the insistence of her husband.  In fact, it was
22   so blatant that he was simply coaching her right in court.
23           Now, you can't say that someone who commits perjury in
24   a federal proceeding is a minor participant, they're not.  But
25   nevertheless, it's pretty apparent to me that she simply

1   acquiesced more than facilitated the defendant's -- or her
2   husband's massive fraud, or what appears to be a massive fraud
3   here.
4          Now, so we ended up with a total offense level of 22
5   with a criminal history category of one, which would give her a
6   guideline sentence of 41 to 51 months, to be followed by two to
7   three years of supervision with a fine range of 7500 to 75,000.
8   And a special assessment of a hundred dollars.
9          All the other objections I think were taken care of by
10  simply making some corrections on the record, which are
11  reflected in the amended addendum -- or the addendum to the
12  probation's presentence report; is that correct?
13         *MR. THRELKELD:*  Yes, it is your Honor.
14         *THE COURT:*  Now that brings us to the next matter.
15  The government in this case has filed an application for 5K1
16  and the only thing I really need at the moment from you,
17  Ms. Hudson, is the -- your statement to me that this defendant
18  has provided all of the information that you've requested and
19  that it's proven to be accurate, helpful, and complete.
20         *MS. HUDSON:*  It has, your Honor.
21         *THE COURT:*  Then I have the additional request that in
22  camera, which is something I rarely do, but rarely means that
23  it happens on occasion, that you be given the chance to advise
24  me as to the extent of this defendant's cooperation because
25  that's something that I would need to keep in mind when I pass

1   on the sentencing.
2           Now I expect that it will be extraordinary because the
3   government has requested a sentence in this case that's
4   25 percent of what would ordinarily be meted out.
5           Are you ready to do that in my chambers?
6           *MS. HUDSON:*  Yes, your Honor.
7           *THE COURT:*  That being the case, then, we will take a
8   brief recess.  I'll talk to counsel.  And then we will come
9   back on the record, I anticipate, in about five minutes.
10          The -- Mr. Threlkeld, your client's presence is not
11  required, but if you think she needs to be there to hear this,
12  I'll make arrangements for that to happen, but it's not
13  necessary as far as the Court is concerned.
14          *MR. THRELKELD:*  She'll wait outside, your Honor.
15          *THE COURT:*  Very well.
16          The Court, then, will take a brief recess, and I'll
17  see counsel in chambers.
18          Molly, you don't have to come.
19      *(An off-the-record discussion was had in chambers)*
20          *THE COURT:*  Be seated.
21          All right.  The Court had a conversation with counsel
22  in chambers.  And this goes directly to the issue of the
23  government's application for a sentence reduction based on this
24  defendant's cooperation.
25          The cooperation described, I believe it to be -- the

1  description to be entirely accurate, it was extraordinary.
2  It's a great benefit to the government, and actually to the
3  larger society.  And that being the case, there will not -- the
4  motion will be granted.
5       Now, I'll ask the government, you have requested a
6  sentence of one year.  Is there anything in addition you wish
7  to say?
8       *MS. HUDSON:*  Your Honor, just that at in looking at
9  the guidelines, that would place the defendant in zone B, and
10 we believe that a sentence within that is an appropriate
11 sentence.
12      Thank you.
13      *THE COURT:*  Yes.  That is a sentence that would be
14 authorized if that's the way the Court were looking at the
15 matter.
16      And your -- counsel, you are recommending probation in
17 this case?
18      *MR. THRELKELD:*  Yes, your Honor.
19      *THE COURT:*  Which is also, I think, authorized.
20      *MR. THRELKELD:*  Yes, it is.
21      *THE COURT:*  Now Mrs. Diekemper, is there anything that
22 you wish to say?
23      She can speak into the mic, you don't have to walk up
24 here.  As long as I can hear you.
25      *MRS. DIEKEMPER:*  I would like to apologize to you,

1   Judge Patrick Murphy, Assistant Attorney Jennifer Hudson, and
2   to the Court and for all... excuse me.  And for all others who
3   were involved in this case.  Also to my children,
4   daughter-in-law, grandchildren, and my family and friends.  I'm
5   sorry for all that hurt and pain I have caused everyone.
6           Thank you.
7           *THE COURT:*  All right.  Ms. Diekemper, you may be
8   seated.
9           Well, the Court, under the current -- the last word
10  from the Supreme Court, I guess, was *Spears.*  There is no
11  sentence that is at this level that is presumed to be correct.
12  And once the Court has calculated what a guideline sentence
13  would be, the Court then refers to the sentencing statute
14  itself.
15          Now, I've also had occasion to look at the
16  jurisprudence attendant to sentencing when there is a Rule 35
17  or a rule -- or a 5K1 request, and I think the most recent
18  exposition on that subject comes from Judge Ripple who says the
19  Court is to go back to the sentencing statute and start anew
20  and take a look at all the things.  Of course, I will do that
21  today.
22          And first thing I am to look at is the nature and
23  circumstances of the offense and the history and
24  characteristics of the defendant.  And I am to keep in mind, no
25  sentence is to be greater than is necessary to comply with the

1  purposes of the sentencing, under paragraph 2, which is the
2  need for the sentence.
3       In the beginning, I have a 65-year-old woman who has
4  raised a family.  By all accounts, she's been a good mother.  A
5  hard-working person, who as best we can tell, has never got
6  herself into a bit of trouble.  Life has not been easy.  At
7  times, it's been extraordinarily painful.  No need to elaborate
8  on that too terribly much.
9       It is also the case -- and I don't know where she
10 stands on that or where her daughter stands on it, but her
11 marriage to Mr. Diekemper, save for the children, was very
12 unfortunate.  There's not much to be said for him, at least
13 from what the Court can see from looking at the papers.  While
14 she was at home, trying to keep things together, he just simply
15 imploded.  And we will get to him at a later time.
16      The problem in this case for this defendant is that
17 when he told her to lie, she did.  I can also consider now, I'm
18 authorized to, to look into the reality of things.  There was a
19 time in some places where women were taught to do what their
20 husbands told them.  It's no longer that way, thankfully.
21      And I don't say that tongue in cheek.  I've raised a
22 daughter and I would like to think that if my daughter or
23 anyone else's daughter here was ever put upon like this woman
24 was here, that they would take immediate and drastic steps.  I
25 expect my daughter would have shot this man.  It's not a boast.

```
 1   I just think that's the way it would have happened.  That's the
 2   way my daughter was raised.  Not to be abused by some
 3   overbearing, ignorant man.
 4           Mrs. Diekemper comes from a different place in a
 5   different time.  And I have that in mind.
 6           Now, I have to reflect the -- the sentence has to
 7   reflect the seriousness of the offense and to promote respect
 8   for the law.  This is the hardest swallow here, because she got
 9   in front of the federal judge and lied in bankruptcy court.
10           Now, it has to affirm adequate deterrence for criminal
11   conduct.  Well, there's two things here:  One, this woman is
12   never going to commit another crime.  It is never going to
13   happen.  I also have to keep in mind that someone in her
14   position is not likely to be affected by anything that I do
15   here today.  If this woman has lived out her life believing
16   that her job is to obey her husband under all circumstances,
17   nothing that the Court's going to do is going to change that
18   matter.
19           To protect the public from further crimes of this
20   defendant.  No problem there.  It's never going to happen.
21           And to provide her with needed educational and
22   vocational, training, medical care, or other correctional
23   treatment.  That's not needed here.  This woman has been a
24   hard-working, self-sustaining, productive member to her
25   community and to her family for many, many years.  She's a
```

```
 1   hard-working farm wife.
 2           Now, in light of the request here and the
 3   extraordinary cooperation, the question really is just this:
 4   Would a year in prison be a more appropriate sentence than
 5   probation?  And it wouldn't.
 6           But one condition -- and I'm going to give you
 7   probation, you are not going to jail, Mrs. Diekemper.  Your
 8   life's been miserable enough as of late.  But the condition is
 9   you can never have contact with your husband.  Never.
10           And people around here know that have been around here
11   for the last 11 years, I mean what I say.  And if you violate
12   that, you are going right back -- you will go to jail.  Your
13   husband will do nothing but get you in trouble.  It doesn't
14   take a great jurist to see what happened in this case at all.
15   This only takes some common sense.
16           So probation.  $500 fine, $100 special assessment.
17   That's due at once.
18           I might add this, too.  There was a time when there
19   was a lot of opprobrium attendant to being a convicted felon.
20   I know that in this case that's true here.
21           Mrs. Diekemper knows that she's been convicted of a
22   felony and a serious one:  Perjury.  She will carry that with
23   her for the rest of her days.
24           I don't think that I've unduly minimized the
25   seriousness of what has happened here.  But I just -- looking
```

1   at all the factors here, particularly the need to impose a
2   sentence that's sufficient, but not greater than necessary for
3   the purposes under Paragraph 2, I don't see that sending a
4   65-year-old woman to prison would serve any purpose whatsoever.
5         Now, all the usual conditions of probation will
6   pertain here.
7         The probation officer is seated at the back row.  I
8   ask that you check with her before we leave here today.
9         Now, are those your daughters in the rear?
10        *MRS. DIEKEMPER:*  Yes.
11        *THE COURT:*  Take care of your mother.
12        Court's in recess.
13        *COURTROOM DEPUTY:*  What's the length of probation?
14        *THE COURT:*  Two years.
15              *(End of requested transcript)*
16                        -oOo-
17              REPORTER'S CERTIFICATE
18      I, Molly N. Clayton, RPR, Official Court Reporter for the
    U.S. District Court, Southern District of Illinois, do hereby
19  certify that I reported with mechanical stenography the
    proceedings contained in pages 1 - 12; and that the same is a
20  full, true, correct and complete transcript from the record of
    proceedings in the above-entitled matter.
21
            DATED this 4th day of September, 2009.
22
23
                                *Molly Clayton*
24                        _____
                                Molly Clayton, RPR
25